**McMANIMON, SCOTLAND & BAUMANN, LLC**
427 Riverview Plaza
Trenton, NJ  08611
609.695.6070
*ATTORNEYS FOR ANDREA DOBIN, CHAPTER 7 TRUSTEE*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE:<br><br>Helena Litvak,<br><br>Debtor. | CHAPTER 7 OF THE BANKRUPTCY CODE<br><br>Honorable Christine M. Gravelle, U.S.B.J.<br><br>Case No. 16-20588(CMG)<br><br>**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES SUBMITTED BY TRENK DIPASQUALE DELLA FERA & SODONO PC COUNSEL FOR CHAPTER 7 TRUSTEE, ANDREA DOBIN** |

The First and Final Application ("Application") of Trenk DiPasquale Della Fera & Sodono PC, ("Applicant"), counsel for the Chapter 7 Trustee, Andrea Dobin (the "Trustee"), respectfully sets forth and alleges:

**I. INTRODUCTION**

1. On or about May 31, 2016, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) in the United States Bankruptcy Court for New Jersey.

2. On or about June 1, 2016, Andrea Dobin was appointed Chapter 7 Trustee, and she qualified for and accepted said appointment.

3. On July 15, 2016, the Court entered an Order, effective as of July 7, 2016, authorizing the Trustee to retain the Applicant as counsel in this proceeding.

4. From July 7, 2016, through September 30, 2018, the period of which first and final allowance is sought, the total time devoted to this matter including the attorneys, paraprofessionals and law clerks involved, as reflected in these time sheets, and the regular hourly billing rates, is summarized on the invoice annexed hereto and made part hereof as Exhibit "A". Based upon the time devoted to this matter, and all of the other matters set forth in this Application, your Applicant seeks an award of professional fees, for this time period, of $1,813.50 together with disbursements of $28.24 for a total award of $1,841.74.

5. All services for which compensation is requested by Applicant were performed for and on behalf of the Trustee and there are no agreements or understandings for the sharing of any compensation.

6. Annexed hereto and made a part hereof as Exhibit "A" is a detailed day-by-day record of the services performed and of the time spent by employees of Applicant in connection with this matter. The information in Exhibit "A" has been extracted from the daily time records maintained by every attorney, paraprofessional and law clerks of Applicant as a routine business practice and recorded in the ordinary course of business for the purpose of billing all clients. These billing rates are those regularly charged to Applicant's clients during the time period the services were performed by each attorney and other employees of Applicant.

7. As of October 1, 2018, Applicant combined its practice into the firm of McManimon, Scotland & Baumann, LLC. This Application covers the time period prior to that date. This application is being prepared by McManimon, Scotland & Baumann, LLC at Applicant's request since Applicant is no longer actively engaged in the practice of law.

## II. SUMMARY OF SERVICES RENDERED

8. Trustee retained Applicant to assist in investigating the value of the Debtor's 10% interest in her ex-husband's business and her interest in a property in Belarus.

9. Applicant issued a subpoena seeking information concerning the business and received a dividend payment from the ex-husband. Applicant discussed with the husband his possible interest in purchasing the Estate's interest in the business.

10. The husband did not express any interest in purchasing the interest. It will be abandoned to the Debtor at the conclusion of the case. Every indication is that the business is not operating and the Debtor's ex-husband has moved on to a new business venture.

11. The fees incurred are modest and entitled to payment as the case is now ready to close and disburse to creditors.

## III. STANDARDS FOR AWARD OF FEES

12. The Applicant recognizes that in order to establish an objective basis for determining the amount of compensation that is reasonable for attorneys' services, the Court should consider the following factors in awarding attorneys' fees;

    a) time and labor required;

    b) novelty and difficulty of the questions;

    c) skill requisite to perform the legal services properly;

    d) the customary fee;

    e) whether the fee is fixed or contingent;

    f) the amount involved and the results achieved;

    g) time and limitation imposed by client or other circumstances;

    h) the experience, reputation and ability of the attorneys;

        i)        the undesirability of the case; and

        j)        awards in similar cases.

See In re Busy Beavers Bldg. Centers, Inc., 19 F.3d 833 (3d Cir. 1994); Matter of First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977), cert. denied, 431 U.S. 904 (1977); Ross Pass Mines, Inc., v. Howard, 615 F.2d 1088 (5th Cir. 1980); and Johnson v. Georgia Highway Express, Inc., 488 F. 2d 714 (5th Cir. 1974).  The Applicant also notes that a client other than a Trustee, debtor-in-possession, debtor or committee would have been required to pay the full amount of the Applicant's time charges on a monthly basis.  Attorneys in bankruptcy practice are entitled to compensation commensurate with that received by other attorneys.  Indeed, the standard for determining compensation under Section 330 of the Bankruptcy Code is based on, among other factors, "the cost of comparable services other than in a case under [Title 11, U.S.C.].

13.    The Applicant's attorneys have acted in a professional capacity in numerous out-of-court creditor/debtor workouts, and in proceedings under the various Chapters of the Bankruptcy Act and the Bankruptcy Code, as attorneys for debtors and debtors-in-possession, attorneys for creditors and lessors, and as attorneys for creditors' committees, receivers and trustees in bankruptcy.  The Applicant enjoys a reputation for expertise in this field and in the handling of bankruptcy and insolvency related issues.

14.    The valuation of the Applicant's services in the case is based on the following considerations:

    a)    Time and labor required -- the Applicant's partners, associates and paralegals have expended hours of professional services in representing the Trustee in this case during the period covered by this application (See Exhibit "A").  This statement of time expended is prepared from the Applicant's records.  The Applicant maintains records of the time expended in the

performance of professional services for the Trustee, as well as for all of its clients, consisting of diary entries by individual attorneys, paralegals and clerks, which, in turn, are typed into daily data time entry sheets. The time sheets contain the name of the attorney, paralegal or clerk rendering the services, the time spent to the tenth of an hour, and a description of the legal services performed. The diary entries are usually made concurrently with the rendering of services. The time sheets are prepared by the secretaries of the attorneys generally within a day or two of when the services are rendered. This record-keeping system has been computerized and results in the generation of computer time printouts.

      b)      Novelty and difficulty of the questions -- the Applicant has resolved several difficult questions in these proceedings as detailed in this Application.

      c)      Skill required to perform the legal services properly and experience, reputation and ability of the attorneys -- the Applicant's attorneys qualify and are well known as highly skilled professionals in their respective fields.

      d)      The customary fee -- the hourly rates charged for the Applicant's partners, associates and paralegals are well within the range of those charged customarily by attorneys and paralegals with similar experience in cases of this size and complexity and in this geographic area. In addition, the Applicant has had to advance out-of-pocket costs without any prior payment.

      e)      Whether the fee is fixed or contingent -- at all times, Applicant's compensation has been contingent upon the availability of sufficient assets and funds in the Estate. The fee applied for is based upon the hourly charges for recorded time and is not computed or derived from any fixed fee arrangement.

5

f) Time and limitations imposed by client or other circumstances -- since the date of its employment, the Applicant has found it necessary to expend a substantial amount of time which has either delayed or precluded the Applicant's other legal work to some degree.

h) The experience, reputation and ability of the attorneys -- over the past years, the Applicant has participated in and represented various parties in numerous bankruptcy proceedings in the following capacities:

    1) attorneys for Creditors' Committees in Chapter 11 cases;

    2) attorneys for Debtors in Chapter 7, 11 and 13 cases;

    3) attorneys for Trustees in Chapter 7 and Chapter 11 cases;

    4) attorneys for secured creditors in Chapters 7, 11 and 13 cases; and

    5) attorneys for unsecured creditors and lessors in reorganization and liquidation proceedings.

i) The undesirability of the case -- this case may be said to be undesirable from the following standpoints:

    1) the delay and uncertainty in obtaining full compensation in comparison to other cases;

    2) additional time and work involved in preparing and submitting applications for compensation in the form and manner required by law as compared with billings in other cases; and

    3) time demands on the Applicant to meet emergencies and filing dates.

j) Awards in similar cases -- allowances to attorneys after full consideration of the foregoing factors to be applied in the awarding of a fee have heretofore been allowed and awarded by this Bankruptcy Court and other bankruptcy courts in cases within the range of hourly charges as

set forth in the Applicant's Application. The Applicant believes the amount requested by it is commensurate with fee awards in cases of this size and complexity.

### IV. CONCLUSION

15. Applicant has attempted in this Application to be as concise as possible and not to elaborate unnecessarily on matters that are the subject of court proceedings.

16. Applicant's experience indicates that not all time actually devoted by its directors and associates with respect to clients' affairs is always entered in its time records. Occasionally lawyers and other professionals do not record all of the time spent in legal matters. Often lawyers forget to record short conferences and miscellaneous telephone calls. For these reasons, the Court should regard the aggregate of recorded hours reported in the invoice to be a conservative compilation of the time actually expended.

17. While the services described in this Application are measured by the standards propounded by the various Bankruptcy Courts - the nature and extent of the services, the complexity and urgency of the problems presented, the time expended, the result obtained, the expertise required - Applicant respectfully submits that the fees requested represent the fair and reasonable value for the services rendered for the period of time described herein.

18. This is a first and final application. Applicant does not anticipate the need for further supplemental applications.

19. Annexed hereto and made a part hereof as Exhibit "B" is an Affidavit of Richard D. Trenk submitted pursuant to Section 504 of the Bankruptcy code.

20. Applicant also seeks reimbursement of its actual out-of-pocket disbursements reasonably and necessarily incurred in the rendering of professional services of $41.82. The

disbursements are clearly identified and itemized in the invoice and are within the limits allowed by the Bankruptcy Judges in this District.

**WHEREFORE**, Applicant requests that first and final allowance be made in the sum of $1,813.50, as compensation for professional services rendered, and in the sum of $28.24 for reimbursement for actual and necessary costs and expenses incurred, for a total of $1,841.74.

TRENK, DiPASQUALE, DELLA FERA & SODONO, P.C.
Applicant

Dated: 10.13.2023

/s/ *Richard D. Trenk*
Richard D. Trenk

McMANIMON, SCOTLAND & BAUMANN, LLC

Dated: 10.13.2023

/s/ *Andrea Dobin*
Andrea Dobin

4881-8574-4006, v. 1