Order Filed on May 21, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **MCMANIMON, SCOTLAND & BAUMANN, LLC**<br>427 Riverview Plaza<br>Trenton, New Jersey 08611<br>(973) 681-7992<br>Scott D. Platton, Esq. (splatton@msbnj.com)<br>*Attorneys for Andrea Dobin, Chapter 7 Trustee* |

| | |
|---|---|
| In re:<br><br>**HELENA LITVAK,**<br><br>                  Debtor. | Case No. 16-20588 (CMG)<br><br>Chapter 7<br><br>Honorable Christine M. Gravelle, U.S.B.J. |

**ORDER COMPELLING ELIJAHU LITVAK TO COMPLY
WITH THE TRUSTEE'S RULE 2004 SUBPOENA**

The relief set forth on the following page, numbered two (2), is hereby **ORDERED**.

**DATED: May 21, 2025**

*/s/ Christine M. Gravelle*
Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

(Page 2)
Debtor:      Elijahu Litvak
Case No.:    16-20588 (CMG)
Caption:     Order Compelling Eliyahu Litvak to Comply with the Trustee's Rule 2004 Subpoena

---

**THIS MATTER,** having been presented to the Court by Andrea Dobin, the Chapter 7 Trustee (the "**Trustee**") in the bankruptcy proceeding of Helena Litvak (the "**Debtor**"), by and through counsel, upon the filing of a motion to compel Elijahu Litvak to comply with the Trustee's Rule 2004 Subpoena and granting related relief (the "**Motion**"); and due and proper notice of the Motion having been given; and the Court having considered the papers in support of the Motion and opposition thereto, if any; and good cause having been shown, it is hereby:

**ORDERED AS FOLLOWS:**

1. Elijahu Litvak is compelled to produce copies of any and all documents requested in the Subpoena[1] within ten (10) days of the entry of this Order. A true and correct copy of the Subpoena is annexed hereto as <u>Exhibit</u> <u>A</u>.

2. Should Elijahu Litvak fail to provide full and complete responses to the requests in the Subpoena as directed in decretal paragraph one above, the Trustee shall file a notice of default with the Court, at which time the Court may convene a hearing to address appropriate sanctions against Eliyahu Litvak for contempt of this Court's order.

---

[1] Capitalized terms, not otherwise defined herein, shall have the meaning ascribed to them in the Motion.

4926-9730-7703, v. 1

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT
District of New Jersey

In re  HELENA LITVAK
Debtor

Case No. 16-20588 (CMG)

Chapter  7

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  ELIJAHU LITVAK

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE  McManimon, Scotland & Baumann, LLC  427 Riverview Plaza  Trenton, NJ 08611 | DATE AND TIME  March 11, 2025 |
|---|---|

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The documents identified on Schedule A.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/18/2025

CLERK OF COURT

OR

_____          /s/Scott D. Platton
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Andrea Dobin, Ch. 7 Trustee  , who issues or requests this subpoena, are:

Scott D. Platton, Esq., 427 Riverview Plaza, Trenton, NJ 08611

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A[1]

1. Provide complete copies of any and all disregarded entity (Schedule C), partnership or corporate income returns; sales, payroll and other tax returns for all federal, state and local jurisdictions with all related supporting schedules, depreciation worksheets, permanent files and related documents for Outpost Research and Development LLC ("**Outpost**") from inception to the present.

2. Provide copies of any and all bank statements, cancelled check images, deposit advices, wire advices and related documentation for each and every bank account in the name of and/or in which Outpost has and/or had an interest in (the "**Bank Accounts**") from inception to the present.

3. Provide copies of any and all financial statements, internal, external, unaudited and audited, for all monthly, quarterly, semi-annual and annual periods for Outpost since inception.

4. Provide copies of any and all cash receipt and disbursement ledgers for each of the Bank Accounts from inception to the present.

5. Provide copies of detailed general ledgers, supporting journals, journal entries and related documents for all activity for Outpost from inception to the present.

6. Provide copies of any and all trial balances prepared for any period (weekly, monthly, quarterly and annually) for Outpost from inception to the present.

7. Provide copies of any and all financial schedules and documents provided to the secured lender(s) (if any) or investors and/or its representatives for and/or on behalf of Outpost from loan origination to the present.

8. Provide copies of any and all schedules, lists, supporting invoices and related documentation detailing any physical assets, leasehold improvements, intangible assets and other similarly situated assets and any documents detailing the sale and/or disposition of said assets including, but not limited to, purchaser, date of sale and amount received for Outpost from inception to the present.

9. Provide detailed schedules reflecting the accounts receivable of Outpost that remain outstanding.

10. Provide copies of all customer invoices and supporting documents for which a balance is remaining to Outpost.

11. Provide detailed schedules reflecting the accounts payable of Outpost.

---

[1] Where possible and/or applicable, please provide responses to the document requests in image format (PDF) and/or Excel.

12. Provide schedules detailing any and all payments made to ownership of Outpost from inception to the present.

13. Provide a list of any and all software, trademarks, patents and related intangible assets owned by Outpost.

14. Provide copies of any and all leases and executory contracts currently in force for Outpost.

15. Provide copies of any and all contracts and/or agreements of Outpost with customers from inception to the present.

16. Provide copies of any and all agreements with vendors and/or suppliers of Outpost from inception to the present.

17. Provide copies of any and all member and operating agreements and any minutes from related meetings for Outpost from inception to the present.

18. Provide a list of any outside accountants used by Outpost, including their contact information and the time period for which they provided services.

19. Provide a list of any and all third parties to which financial information of the company was sent by or on behalf of Outpost from inception to the present.

20. Provide copies of any and all documents referring or relating to any and all distributions made to shareholders of Outpost.

21. Provide copies of any and all documents referring or relating to any and all dividends and/or disbursements to shareholders of Outpost.

22. Provide a list of any and all litigation for which Outpost was a party, either plaintiff or defendant, the court, the name and contact information of the attorney representing the company, and a summary of the dispute and the current status.

23. Provide complete copies of any and all settlement agreements between Outpost and CompatibL Technologies, LLC ("**CompatibL**").

24. Provide any and all documents referring or relating to any and all payments and/or transfers from CompatibL to Outpost.

25. Provide any and all documents referring or relating to any and all payments and/or transfers from CompatibL to you, Elijahu Litvak.

26. Provide complete copies of any and all communications between you, Elijahu Litvak, and CompatibL and/or its agent(s).

4937-7836-6998, v. 1

27. Provide complete copies of any and all communications between Outpost and/or its agents and CompatibL and/or its agent(s).

**ELECTRONIC RECORDS**

28. Provide a backup of the company's accounting system, the related software and administrative login and passwords.

29. Provide a backup copy on portable external media containing Outpost's financial files (except for the accounting system and its data) and all related passwords for secure documents.